# Wm. G. Knight, plaintiff in error, *vs.* Henry Fox, defendant in error.

## *Error to Scott.*

It is not necessary to set out the stamps or devices on bills, as part of the description in the declaration, or in the copy appended; and an omission to do so, will not prevent the plaintiff from sending the originals to the jury.

Bills of exchange may be given in evidence under the common counts, where there is a privity of contract, as by the payee against the maker, or the endorsee against the endorser.

Although as a general rule the proof should correspond with the allegations, still, the plaintiff is not bound to prove the demand and notice averred, where they have been previously waived by the defendant.

A general guaranty, that it shall not be necessary to demand payment and give notice on bills or notes endorsed by the guarantor, is in force until shown by him to be rescinded.

Endorsements in blank, as between a first and second endorser, is tantamount to a special endorsement from the first to the second, and may be so filled up.

This was an action of assumpsit, brought in the Scott county District Court by Henry Fox against William G. Knight, as the second endorsee of ninety-one bills of exchange.

The declaration contained ninety-one special counts, each one averring the making of the bill, the endorsement by the payee to the defendant, and by him to the plaintiff. Also, an averment of presentment for payment; refusal to pay, and notice to the defendant of the dishonor. The declaration also contained the common counts.

Plea, non assumpsit.

On the trial, the plaintiff abandoned all but the twenty-nine first counts, and the common counts.

The plaintiff then produced twenty-nine bills of exchange, and after proving the handwriting of the defendant as endorser, produced the letter copied into the bill of exceptions, and proved it to be in the handwriting of the defendant, and then offered to read them to the jury.— The defendant objected to the admission of the bills, for the reasons set forth in the bill of exceptions, and in the assignment of errors. The objections were overruled and a verdict and judgment for the plaintiff was had, at the April term 1843, for the sum of ten thousand three hundred and seventy-seven dollars, and eighty-four cents. To reverse

39

this judgment, Knight, the defendant below, has brought the case here upon a writ of error, and assigns for error,

1. The court below erred in permitting the bills to be read in evidence to the jury, because there was a variance between the bills offered, and those copied in the declaration. The variance being in this : in the bills offered in evidence, there was a stamp with a crown, and the words three shillings and sixpence printed in the stamp, and in the copies attached to the declaration, there is no stamp.

2. There was no proof of demand and notice.

3. The court erred in permitting the guaranty, copied in the bill of exceptions, to be offered in evidence, and to go before the jury. Because no copy of it was furnished and attached to the declaration, of an excuse for not giving notice, because, if the guaranty could be admitted at all under the declaration, it could not be until there was proof to show that the bills offered in evidence were received by Fox, under and in compliance with said guaranty.

The substance of the guaranty from Knight to Fox is embodied in the opinion of the court.

MITCHELL & GRANT, for plaintiff in error, cited the following authorities in support of the errors assigned :

2 Starkie, 161, note ; Bayley on Bills, 302 ; 3 Barnwell & Adolphus, 619 ; Cory vs. Scott, 12 East. 171 ; Harris vs. Richardson, 4 Car. & P. 522 ; Hill vs. Vannill, 3 Greenleaf, 233 ; Frazier vs. Harvie, 2 Littell, 186 ; Bayley on Bills, 447.

LOWE, LEARNED & COOK, for defendant in error, cited the following authorities as opposed to the errors assigned :

1 Blackfords Rep. 59 ; 1 Scammon Rep. 388 ; 2 Starkie, 769 ; Chitty on Bills, 524 ; 1 Cowper, 341 ; 1 Johnson's Rep. 94 ; 2 Starkie, 167, note (1); 2 Conn. Rep. 478 ; 3 Cowen's Rep. 262 ; 5 Pickering's R. 436 ; 4 do. 525 ; 3 John. Rep. 68 ; 2 Johns. Rep. 278; 2 Wheaton 75 ; 3 Cranch 492, &c.

PER CURIAM, MASON, CHIEF JUSTICE.—The first point made by the plaintiff in error in this case, is that the court below erred in permitting the bills to be read in evidence to the jury, on account of a variance, that variance consisting in this: In the bills offered in evidence there was a stamp with a crown and the words three shillings and six pence printed in the stamp, and in the copies attached to the declaration there is no stamp.

Our statute requires a copy of the instrument sued on, to be appended to the declaration. The originals when produced in evidence, must correspond substantially with these copies. It would be error to admit originals differing essentially from such copies.

But this correspondence need extend no farther than to matters appertaining to the instrument, and making part thereof. Any blemish or private mark found thereon, and constituting no part either of the face or of the endorsement of the instrument, need not be exhibited in the copy. Notes and bills are often found struck off in the form of bank bills and other fanciful shapes, with ornaments at the head, and frequently all around the margin. These ornaments would not need to be exhibited in giving copies of the instruments.

We have nothing to show that the stamps in question, were any more essential to the validity of the bills, than are the various ornaments which abound so much on bank notes, or printed bills of exchange. There was therefore, no greater necessity of setting them forth in the copies. To render the objection, we are now considering available, two things should have been made to appear in evidence; first, that the bills were executed in England; and secondly, that by the laws of that country, the stamp was essential to the validity af such instruments. Now, we cannot judicially know that there is but one London in the world, and that this city is to be found in England, any more than we can take cognizance of the English law in relation to stamps. No valid objection can therefore be raised to the decision of the District Court, on the point we have now been considering.

The second error assigned is that there was no proof of demand and notice. In reply to this the plaintiff below sets up a waiver of such demand and notice. Does the proof of waiver of notice sustain a declaration, in which a demand and notice are alleged? Although the general and reasonable rule is that the proof should correspond with the allegation, still there are high authorities for a deviation from this rule on the subject we are now considering. 3 Cowen 262; 5 Pickering, 436; 3 Johnson, 68, and other authorities cited by defendant in error.

But whatever may be the proper rule on this subject, there can be no doubt but that the bills of exchange may be given in evidence under the common counts. The case of King vs. Wall, decided at the last term of this court and the authorities on which that decision was made, even went so far as to authorize a promissory note to be given in evidence under the common counts in an action brought by the endorsee against the maker. Such a rule has long been followed in a suit brought by

the payee against the maker, and the argument in favor of that course is just as strong where the suit is brought by the endorsee against the endorser. These parties are in privity, the endorsement being by operation of law made equivalent to a special agreement of the endorser, that he will pay the note himself, unless paid at maturity by the maker. The law presumes that the endorser has received the full value of the note from the endorsee, with a stipulation to restore the same with interest, if not paid by the maker. This amount can consequently be recovered under the common counts.

It is further objected by the plaintiff in error, that the court ought not to have permitted the guaranty, copied into the bill of exceptions to go to the jury, because no copy thereof was attached to the declaration. The statute only renders it necessary for the plaintiff to append to the declaration a copy of the instrument on which the suit is brought. It is not necessary in this manner to set forth his evidence. The guaranty in this case was mere evidence, not the instrument on which the suit was brought.

The last objection it will be necessary to notice is, that the plaintiff should have shown that the bills offered in evidence were received by Fox under and in compliance with said guaranty. The language of that guaranty is very comprehensive, " I hereby agree that it shall not be necessary for you to present for payment at the maturity thereof, any bills of exchange or promissory notes, which now are in, or which may at any time hereafter come into your hands *indorsed by me*, it being understood and agreed that I shall be liable to you for the payment of, and shall pay you all and every bill of exchange and promissory note, indorsed by me, notwithstanding the same may not have been presented for the payment thereof; and further that it shall not be necessary for you to give me notice of the dishonor of such bills of exchange any or either of them. "

This guaranty embraced all bills that then were in, or should thereafter come into the hands of Fox, endorsed by Knight. How long is this guaranty to be considered in force? Until it is shown to have been rescinded, the burden of proof for which purpose is thrown upon Knight.

The bills offered in evidence in this case were endorsed by Knight, and came into the hands of Fox. Nay, the endorsements in blank are as against Knight, tantamount to a special endorsement to Fox, for there is authority contained in a blank endorsement which allows the endorsee to fill up the endorsement by making it, if he choses, a special

endorsement to himself. The bills in the present case come clearly within the rule laid down in the guaranty, and were therefore properly admitted in evidence on the trial.

Judgment affirmed.